IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 17 C 600 |
| MERCEDES SECTION FIVE INSTALLATIONS, INC., an Illinois corporation, | ) ) ) ) | JUDGE HARRY D. LEINENWEBER |
| Defendant. | ) ) | |

## JUDGMENT ORDER

This matter coming on to be heard upon the Motion of Plaintiffs, by their counsel, it appearing to the Court that the Defendant, MERCEDES SECTION FIVE INSTALLATIONS, INC., an Illinois corporation, having been regularly served with process and having failed to appear, plead or otherwise defend, and default of said Defendant having been entered on May 9, 2017, the Court, first being fully advised in the premises and upon further evidence submitted herewith, FINDS:

1. It has jurisdiction of the subject matter herein and of the parties hereto.

2. The Defendant is bound by the terms of the collective bargaining agreement referred to in Plaintiffs' Complaint.

3. The Defendant is obligated to report and pay contributions to each of the Plaintiff Funds on behalf of its bargaining unit employees in accordance with the collective bargaining agreement.

4. The Defendant is bound by all the terms and conditions set forth in the Agreements and Declarations of Trust governing the Plaintiff Funds.

5. Defendant has made available to the Plaintiffs its payroll books and records for the purpose of taking an account as to all employees of the Defendant performing work covered by the collective bargaining agreement to determine amounts due to Plaintiffs.

6. Plaintiffs, by the accounting firm of Legacy Professionals, LLP, caused an audit to be made to cover the period January 1, 2014 through December 31, 2016.

7. Upon such audit, it is determined that Defendant owes Plaintiffs the amounts set forth below:

| Plaintiff Fund | Contributions | Liquidated Damages |
|---|---|---|
| Pension Fund | $2,485.48 | $1,056.18 |
| Mid-America Supplemental Monthly Annuity (SMA) Fund | $1,143.36 | $ 513.43 |

8. Plaintiffs are entitled to make a further audit of Defendant's payroll books and records to cover periods not previously audited by Plaintiffs.

9. Defendant untimely submitted its fringe benefit contributions due for the time period June 2015 through October 2016. Accordingly, liquidated damages in the total amount of $317.77 have been assessed against the Defendant.

10. Defendant untimely submitted its fringe benefit contributions due for the time period May 2016 through July 2016 and September 2016 through December 2016. Accordingly, liquidated damages in the total amount of $473.87 have been assessed against the Defendant.

11. Plaintiffs have assessed a fee of $200.00 for each check which was returned NSF, for a total of $1,200.00 to Plaintiff Mid-America Pension Plan, and a total of $1,200.00 to Plaintiff Mid-America Supplemental Monthly Annuity (SMA) Fund, as a result of Defendant's submission of fringe benefit contributions by way of checks which were subsequently dishonored by its bank for non-sufficient funds during the time period May 2016 through July 2016 and September 2016 through November 2016.

12. Defendant has failed to timely pay all contributions required to be made to the Plaintiff Funds. Accordingly, as provided in the Agreements and Declarations of Trust governing the respective Funds, 29 U.S.C. §1132(g)(2) and 28 U.S.C. §1961, Plaintiffs are entitled to recover:

    (a) liquidated damages and interest on all contributions paid late or remaining unpaid;

    (b) the cost of auditing the payroll books and records of Defendant;

    (c) costs and expenses of the Trustees, including their reasonable attorneys' fees;

    (d) post-judgment interest; and

    (e) costs and attorneys' fees incurred in executing on, or otherwise collecting, this judgment.

13. Plaintiffs have incurred costs totaling $3,927.55 and reasonable attorneys' fees totaling $7,014.25.

14. Plaintiffs have expended the sum of $1,237.82 for the purpose of making an audit of the payroll books and records of the Defendant.

15. There is no just cause for delay in the entry of a Judgment Order as to the sum of $20,569.71 owed to the Plaintiffs from Defendant.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A. That Plaintiffs recover from the Defendant, MERCEDES SECTION FIVE INSTALLATIONS, INC., an Illinois corporation, the sum of $3,628.84 for contributions, $2,361.25 for liquidated damages and $2,400.00 for NSF fees, for a total sum of $8,390.09.

B. That Plaintiffs recover from the Defendant, MERCEDES SECTION FIVE INSTALLATIONS, INC., an Illinois corporation, the sum of $1,237.82 expended by Plaintiffs for the purpose of conducting an audit of Defendant's payroll books and records.

C. That Plaintiffs recover from the Defendant, MERCEDES SECTION FIVE INSTALLATIONS, INC., an Illinois corporation, the sum of $3,927.55 for their costs and $7,014.25 as and for Plaintiffs' just and reasonable attorneys' fees.

D. That Plaintiffs recover from the Defendant, MERCEDES SECTION FIVE INSTALLATIONS, INC., an Illinois corporation, the total sum of **$20,569.71**, plus post-judgment interest on said amount at the rate required by 28 U.S.C. §1961.

E. That Plaintiffs are awarded their costs and attorneys' fees to execute on, or otherwise collect, this judgment.

ENTER:

_____

UNITED STATES DISTRICT JUDGE

DATED: 11/13/2018