IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 17 C 600 |
| MERCEDES SECTION FIVE INSTALLATIONS, INC., an Illinois corporation, | ) ) ) ) ) | JUDGE HARRY D. LEINENWEBER |
| Defendant, | ) ) | |
| and | ) ) | |
| TGM FABRICATORS, INC., an Ill. corp., | ) ) | |
| Citation Respondent. | ) | |

**MOTION FOR FINAL JUDGMENT
AGAINST TGM FABRICATORS, INC.**

The Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*, by their attorneys, represent to this Court as follows:

1. On November 13, 2018, this Court entered judgment in favor of Plaintiffs and against Defendant, Mercedes Section Five Installations, Inc., in the amount of $20,569.71. As of the date of filing the instant motion, the full amount of the judgment, plus post-judgment interest, remains unsatisfied.

2. On September 27, 2019, this Court issued an Alias Citation to Discover Assets to Third Party directed to Citation Respondent, TGM Fabricators, Inc. ("TGM" or "Company").

3. The Alias Citation to Discover Assets to Third Party, Citation Notice to Judgment Debtor and Third Party Respondent Answer to Citation Proceedings were duly served upon TGM, c/o its Registered Agent, by tendering a copy of said documents to Lisa Butuso on October 1, 2019. Pursuant to the Alias Citation, TGM's Third Party Respondent Answer to Citation Proceedings was due by November 5, 2019.

4. On November 15, 2019, Plaintiffs' counsel wrote to TGM's Registered Agent, Lisa Butuso, regarding the failure of TGM to respond to the Alias Citation to Discover Assets to Third Party. An additional copy of the Alias Citation to Discover Assets to Third Party was enclosed. Ms. Butuso was advised that TGM must respond to the Alias Citation by November 27, 2019 or a conditional judgment may be entered against TGM for the judgment amount of $20,569.71, plus post-judgment interest, in addition to attorneys' fees and costs incurred by the Plaintiffs.

5. On December 3, 2019, Plaintiffs' counsel filed a Motion for an Order Setting a Hearing on a Rule to Show Cause against TGM for its failure to respond to the Alias Citation. The hearing was scheduled for December 10, 2019. On December 10, 2019, this Court entered an Order [Dkt. 53] requiring Ms. Butuso of TGM to appear before this Court on February 6, 2020 to answer for her contempt of Court for failure to comply with the Alias Citation.

6. On February 6, 2020, this Court entered another Order [Dkt. 54] requiring Ms. Butuso of TGM to appear before this Court on March 31, 2020 to answer for her contempt of Court for failure to comply with the Alias Citation. The Order was personally served on Ms. Butuso of TGM on February 19, 2020. The Affidavit of Service was filed with this Court on February 24, 2020 [Dkt. 56].

7. Due to the COVID-19 pandemic, on March 23, 2020, this Court entered another Order [Dkt. 57] requiring Ms. Butuso of TGM to appear before this Court on April 28, 2020 to answer for her contempt of Court for failure to comply with the Alias Citation. The Order was personally served on Ms. Butuso of TGM on May 26, 2020. The Affidavit of Service was filed with this Court on May 28, 2020 [Dkt. 62].

8. Again, due to the COVID-19 pandemic, on April 13, 2020, this Court reset the hearing on the rule to show cause against Ms. Butuso of TGM from April 28, 2020 to June 3, 2020 [Dkt. 59] requiring Ms. Butuso of TGM to appear before this Court on June 3, 2020 to answer for her contempt of Court for failure to comply with the Alias Citation. The Affidavit of Service was filed with this Court on May 28, 2020 [Dkt. 62].

9. On June 2, 2020, the June 3, 2020 show cause hearing was vacated [Dkt. 63], and has not been rescheduled due to the limited court access for civil cases under the Court's General Orders related to the Covid-19 pandemic.

10. Despite having been served with the show cause orders, Citation Respondent TGM has failed to comply with the Alias Citation and answer the Third Party Respondent Answer to Citation Proceedings as required.

11. Since the entire balance of the judgment remains unsatisfied ($20,569.71), plus accrued post-judgment interest ($790.24) and costs and attorneys' fees ($3,226.25) incurred to execute on or otherwise collect the judgment, on August 4, 2020, Plaintiffs filed a Motion for Conditional Judgment Against TGM Fabricators, Inc.

12. Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, federal courts adopt the practice and procedure of the state in which the District Court sits in proceedings supplementary to and in aid of a judgment.

13. Under Illinois law, the Court may enter conditional judgment against a citation respondent for the amount due upon the judgment if the citation respondent fails to appear and answer. 735 ILCS 5/2-1402(k-3); 735 ILCS 5/12-706(a). Specifically, the statute governing citations to discover assets states that a court "may enter any order upon or judgment against the respondent cited that could be entered in any garnishment proceeding under Part 7 of Article XII of this Code." 735 ILCS 5/2-1402(k-3). The statute governing garnishments states:

> (a) When any person summoned as garnishee fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the garnishee, to be served and returned in the same manner as provided by Illinois Supreme Court Rule 105, otherwise than by publication, of a notice for additional relief upon a party in default, commanding the garnishee to show cause why the judgment should not be made final. If the garnishee, after being served with summons to confirm the conditional judgment or after being notified as provided in subsection (b) hereof, fails to appear and answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs. If the garnishee appears and answers, the same proceedings may be had as in other cases.

735 ILCS 5/12-706(a). *See, Hayward v. Scorte*, 2020 IL App (1st) 190476, ¶ 20-22.

14. On August 19, 2020, this Court entered an Order of Conditional Judgment in favor of Plaintiffs and against Citation Respondent, TGM Fabricators, Inc., in the amount of $24,586.20 and directed the Clerk of the Court to issue a Summons to Citation Respondent, TGM Fabricators, Inc., directing TGM to show cause why the conditional judgment should not be made final (a copy of the Order entered on August 19, 2020 is attached as Exhibit A).

4

15. On September 29, 2020, the Clerk of the Court issued a Summons-Confirm Conditional Judgment directed to Citation Respondent, TGM Fabricators, Inc. (a copy of the Summons issued by the Court on September 29, 2020 is attached as Exhibit B).

16. On October 5, 2020, the Summons-Confirm Conditional Judgment directed to Citation Respondent, TGM Fabricators, Inc., was personally served upon Lisa Butuso, its Registered Agent (a copy of the Affidavit of Service is attached as Exhibit C). Citation Respondent, TGM Fabricators, Inc., was required to file its appearance and show cause why the conditional judgment should not be made final within 21 days, or on or before October 26, 2020.

17. As of the date of filing this Motion, Citation Respondent, TGM Fabricators, Inc., has not appeared to show cause why the conditional judgment entered on August 19, 2020 should not be made final.

WHEREFORE, Plaintiffs move this Court to enter a Final Judgment in favor of the Plaintiffs, and against TGM FABRICATORS, INC., Citation Respondent, in the total amount of $**24,586.20**, which includes the judgment amount of $20,569.71 that remains unsatisfied by the Defendant, $790.24 in post-judgment interest, $2,461.25 in attorneys' fees and $765.00 in costs incurred by the Plaintiffs in seeking to enforce the judgment, including efforts to obtain TGM's compliance with the Alias Citation.

/s/ Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs/Judgment Creditors
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6278364
Telephone: (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com
I:\MIDJ\Mercedes Section 5\motion-final judgment (tgm).pnr.df.wpd

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, hereby certifies that he electronically filed the foregoing document (Motion for Final Judgment Against TGM Fabricators, Inc.) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participants on or before the hour of 5:00 p.m. this 29th day of October 2020:

      TGM Fabricators, Inc.
      c/o Lisa Butuso, Registered Agent
      70 E. 23rd Street
      Chicago Heights, IL  60411

      Mr. Timothy Mercede, President
      Mercedes Section Five Installations, Inc.
      70 E. 23rd Street
      Chicago Heights, IL  60411

                                        /s/   Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs/Judgment Creditors
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\MIDJ\Mercedes Section 5\motion-final judgment (tgm).pnr.df.wpd